IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TONY JORDAN, JR.                                                                                         PLAINTIFF

v.                                              No. 5:16-cv-05161

KARAS HEALTH CARE;
JANE DOE NURSE; GUARD
TYRONE CURTIS; and
CORPORAL CARTER                                                                                    DEFENDANTS

## OPINION AND ORDER

  Plaintiff Tony Jordan, Jr. filed this civil rights case pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis. He is incarcerated in the Washington County Detention Center in Fayetteville, Arkansas.

  Before the Court is a motion to dismiss (Doc. 9) filed by Separate Defendants Guard Tyrone Curtis and Corporal Chris Carter (the Washington County Defendants). Plaintiff has not responded to the motion.

**I. Background**

  On June 9, 2016, at approximately 7:25 p.m., Plaintiff alleges he was given six or seven pills instead of his usual two or three. Plaintiff states that the six or seven pills were not prescribed to him and that he began feeling "real funny." He indicates his heart was pounding, his eye was twitching, he felt off balance, and he was weak. He asserts he was not given any of his correct medication. At 7:51, Plaintiff states he went back out to see the nurse about having received the wrong medication. Plaintiff alleges that the nurse admitted she had given the Plaintiff the wrong medication. The nurse took Plaintiff's blood pressure which was 150/100. Plaintiff alleges this was very high but they refused to get him "better help." Instead, Plaintiff was told to go lay down and sleep it off. Plaintiff alleges he told them that he suffered from high blood pressure and an

enlarged heart. Plaintiff testified that Guard Curtis and Corporal Carter were present when he was seeking help. Plaintiff alleges they did nothing to get him help even though he asked over and over to go to the hospital. Plaintiff states he was not taken seriously.

Plaintiff alleges the Defendants used excessive force when they were "pointing fingers at [him] blaming [him] for taking the pills." He asserts the Defendants were being rude, loud, and unprofessional. Plaintiff states Guard Curtis demanded that he lay down and not say anything. Plaintiff alleges Corporal Carter blamed him instead of the nurse for the mess up.

## II.     Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## III.    Discussion

The Washington County Defendants argue they are entitled to dismissal because their

alleged conduct does not give rise to a claim.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

A. **Denial of Medical Care**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  To prevail on a denial of medical care claim, a plaintiff must show: (1) the existence of an objectively serious medical need, (2) that the defendants knew of and deliberately disregarded.  *Vaughn v. Gray*, 557 F.3d 904, 908-09 (8th Cir. 2009).

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).  Here, neither of the Washington County Defendants were medical personnel.  Plaintiff was being seen by jail medical staff, and the Washington County Defendants are not liable for the jail medical staff's treatment decisions.  *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[B]ecause

Burt and Ault lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision not to refer [the Plaintiff] to a doctor to treat his shoulder injury"). Plaintiff has established no causal link or direct responsibility of the Washington County Defendants for the alleged deliberate indifference to a serious medical need. No plausible claim is stated.

### B. Verbal Abuse

"Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) (A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death."). The Washington County Defendants' alleged rude and unprofessional conduct does not state a claim of constitutional dimension. *See Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (abusive language or verbal harassment is not, by itself, unconstitutional and will not support a civil rights cause of action).

### C. Excessive Force

The law is clear that a pretrial detainee cannot be punished. *See e.g. Bell v. Wolfish*, 441

U.S. 520, 535 (1979). "However, not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000) ("The Due Process Clause of the Fourteenth Amendment prohibits the use of bodily restraints in a manner that served to punish a pre-trial detainee.").

The Supreme Court in a case decided on June 22, 2015, addressed the standard to be applied in analyzing excessive force claims brought by pretrial detainees. The Court held that a pretrial detainee need only show that an officer's use of force was objectively unreasonable to prevail on an excessive force claim. *Kingsley v. Hendrickson*, --U.S.--, 135 S. Ct. 2466, 2473 (2015). In determining whether a given use of force was reasonable or excessive, the Court said the following may bear on the issue:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id*. at *6. The Court noted that the list was not exclusive but instead only illustrated the "types of objective circumstances potentially relevant to a determination of excessive force. *Id*.

Here, neither of the Washington County Defendants resorted to the use of physical force on the Plaintiff. Rather, they merely pointed their fingers at the Plaintiff. No plausible claim is asserted.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that Separate Defendants Tyrone Curtis and Chris Carter's motion to dismiss (Doc. 9) is GRANTED and Plaintiff's claims against them are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of September, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE